ANDRÉ MARCHESSEAU *v.* PAUL LONGIS.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Canon,* for the appellant.
*Bodin,* for the defendant.

GARLAND, J.  The plaintiff alleges, that he consigned to the
defendant twenty half pipes of brandy, containing 963 gallons ;
that the latter refuses to give an account of the sales or value
thereof, or to return the brandy.  He claims $1805 52, as the
value.  The defendant, after a general denial, states, that he has
never refused to render an account, and has never been put in de-
fault.  He claims to have deducted various charges for duties
paid, storage, commissions, &c.  He further alleges, that the ba-
lance that was in his hands, has been seized by the sheriff, on an
execution in favor of Rosetaine & Co. against the plaintiff, and
that he has paid it to the officer.  He asks for a trial by jury, and
for judgment in his favor.  There was a verdict and judgment in
favor of the plaintiff for $207 62, with legal interest ; and he
has appealed.

This is exclusively a matter of account, and depends on the
evidence entirely.  It is shown, that a number of pipes of brandy
were consigned to the defendant, and that at the time, a limit was
placed on it.  The defendant sold five half-pipes at the price
fixed ; afterwards the article declined very much in the market ;
and, after remaining on hand for about nine months, the fifteen
half-pipes were seized by the sheriff.  The plaintiff in this suit,
and the plaintiff in the execution then agreed, that the defendant
should sell the brandy for the best price he could get, instead of
having it sold by the sheriff.  It was sold under this agreement
for one dollar per gallon, and a sum of $328 was paid by defend-
ant to Rosetaine & Co., which was credited to the plaintiff.  The
latter now wishes to make the defendant account for all the brandy
at the price originally fixed on it.  This he cannot do, as it is
proved, that he consented that Longis should sell for what he could
get, and even proposed to a partner of the firm of Rosetaine &
Co. to have it sold by an auctioneer, instead of by the sheriff.
This agreement removed the limit first fixed on the brandy, and

it was probably in consequence of the article being pressed on the market, that it sold at so reduced a price. The purchaser tells us, that the market was dull at the time, and the brand on the brandy was not well known. There is a good deal of evidence in the record, in relation to the charges for duties paid, storage, commissions, leakage, evaporation, &c. All these charges, and the evidence in relation to mercantile usages, were passed upon by a jury, among the names composing which, we recognize a number of highly intelligent and experienced merchants. We have examined the testimony in reference to every item in the accounts of the defendant, and the result is so near an approximation to the conclusions of the jury, that we cannot say they erred.

*Judgment affirmed.*